Richard Morin (SBN 285275)
Bryce Fick (SBN 322951)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorneys for Plaintiff Felicia Vasquez

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Felicia Vasquez,<br><br>           Plaintiff,<br>v.<br><br>Mobile Americana Properties, LLC, and Scandia Sports, Inc,<br><br>           Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Jury Trial Demanded** |

Felicia Vasquez ("Plaintiff") alleges the following:

## INTRODUCTION

1. Plaintiff brings this action against Mobile Americana Properties, LLC ("Mobile") and Scandia Sports, Inc ("Scandia") (collectively "Defendants") for unlawfully discriminating against Plaintiff because of her disability at Scandia Family Fun Center located at 5070 Hillsdale Boulevard in Sacramento, California.

2. Plaintiff seeks damages, injunctive, and declaratory relief, attorney's fees and costs pursuant to the Americans with Disabilities Act of 1990 ("ADA") and related California statutes

## PARTIES

3. Plaintiff is a natural person and an adult resident of Sacramento County, California. At all times relevant to this Complaint, Plaintiff is and has been considered disabled.

4. Defendant Mobile is a California limited liability company with its principal office in

San Diego, California.

5. Defendant Scandia is a California corporation with its principal office in Sacramento, California.

6. Defendant Mobile owned, and currently owns, the real property with the commonly known address 5070 Hillsdale Boulevard in Sacramento, California ("Property") at which the Scandia Family Fun Center ("Business") is operated by Defendant Scandia.

## JURISDICTION

7. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. 1331 and 1343 for violations of the Americans with Disabilities Act of 1990.

8. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California law.

## VENUE

9. Venue is proper in this court pursuant to 28 U.S.C. 1391 and is founded on the fact that the Property is in this district and that Plaintiff's claims arose in this district.

## FACTUAL ALLEGATIONS

10. Plaintiff suffers from disabilities, and/or medical conditions that are disabilities. Specifically, Plaintiff suffers from paralysis. Plaintiff requires a wheelchair to facilitate her mobility. Plaintiff's symptoms limit, some substantially, her major life activities. Plaintiff has, and at all relevant times, displayed a disabled person parking placard issued by the California Department of Motor Vehicles.

11. On June 26, 2022, Plaintiff arrived at the Property to visit the Business located at Defendant's Property.

12. Plaintiff went to the Property because Plaintiff wanted to use the services available at the Business. Specifically, Plaintiff visited the Business with her husband and great nephew to enjoy a warm summer weekend day. While at Business, Plaintiff played games and purchased beverages for her family.

13. Unfortunately, Plaintiff also encountered ADA barriers while at the Business.

Specifically, Plaintiff noted that the parking was out ADA compliant and that several ramps were very steep and dangerous for her to navigate. Upon further investigation, Felicia discovered the following ADA barriers at the property:

    a. The accessible parking spaces and access aisle striping is faded.
    b. The accessible parking spaces have slopes greater than 2%.
    c. The access aisle has slopes greater than 2% due to built up curb ramps.
    d. The access aisle does not have the NO PARKING lettering and not outlined in blue striping.
    e. The accessible parking spaces and access aisle are less than 18' long.
    f. One parking sign is missing the Minimum Fine $250.
    g. One accessible parking space does not have any signs.
    h. The curb ramps have slopes that exceed 8.33% and side flares exceed 10%.
    i. One curb ramp does not have a top landing.
    j. The walkway leading to the entry door of the arcade has a cross slope up to 5.4%.
    k. The walkway leading to the entry door of the arcade has a slope up to 10.4% in the direction of travel.

14. The Business and the Property are open to the public, intended for non-residential use, and its operation affects commerce.

15. The Business and the Property are public accommodation and business establishment.

16. Plaintiff is informed and believes, and on that basis allges, that the Property has undergone construction and/or alterations, structural repairs, or additions since July 1, 1970 and/or July 1, 1982.

17. Plaintiff is hesitant and apprehensive to return to the Business because of her knowledge and experience with the access barriers identified above. Plaintiff's home is approximately 5 miles from the Property. Plaintiff wants to return to the Property when Defendant removes the accessibility barriers at the Property. Plaintiff would like to enjoy the attractions at the Business in the future. Specifically, Plaintiff has visited Scandia in the past several times, as recently as several months ago, and Plaintiff greatly enjoys the arcade games and the general atmosphere offered by Defendants.

18. Plaintiff has suffered and continues to suffer violations of her civil rights to full and equal enjoyment of goods, services, facilities, and privileges, and has suffered and will suffer embarrassment and humiliation.

**FIRST CAUSE OF ACTION**

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

Against all Defendants

19. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

20. Defendants has denied Plaintiff full and equal enjoyment and use of the goods, services, facilities, privileges, and accommodations of the Property and the Business.

<u>Failure to Remove Architectural Barriers at an Existing Property</u>

21. Defendants have failed to remove architectural barriers, which are structural in nature, where it is reasonably achievable, without much difficulty or expense, and the cost of removing the architectural barriers does not exceed the benefits under these particular circumstances.

22. For those barriers where it is not reasonably achievable to remove them, if any, Defendants have failed to make the goods, services, facilities, or accommodations available through alternative methods that are readily achievable.

<u>Failure to Design and Construct an Accessible Property</u>

23. The improvements on the Property and where the Business is located were designed and constructed, or both, after January 26, 1993, independently triggering access requirements under Title III of the ADA.

24. Defendants violated the ADA by failing to design and construct the facilities on the Property and at the Business in a manner that was readily accessible to the physically disabled public, including Plaintiff, when it was structurally practical to do so.

<u>Failure to Make an Altered Facility Accessible</u>

25. Plaintiff believes and alleges that the Property was modified after January 26, 1993, independently triggering access requirements under the ADA.

26. The ADA requires properties altered in a manner that affects or could affect its usability be made easily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).

27. Defendants altered the Property in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – the maximum extent possible.

Failure to Modify Existing Policies and Procedures

28. The ADA requires reasonable modifications to polices, practices, or procedures when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modification would fundamentally alter their nature.

29. Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Property, when these modifications were necessary to afford, and would not fundamentally alter the nature, of the goods, services, facilities, or accommodations.

Failure to Maintain Accessible Features

30. Defendants violated the ADA by failing to maintain in operable and working condition those features of the Property that are required to be readily accessible to and be usable by persons with disabilities.

31. Defendants' failure in maintaining the Property in an accessible condition was not an isolated or temporary interruption in service or access due to maintenance or repairs.

32. The configuration and condition of Defendants' Property and/or Business denied Plaintiff a public accommodation due to Plaintiff's disability.

33. It is readily achievable for Defendants to remove the architectural barriers identified above.

34. Defendants do not have any legitimate business justification to excuse the condition and configuration of the Property and/or Business.

35. Defendants' violations are the cause of suffering for Plaintiff.

36. Plaintiff prays for all relief available under the ADA, including injunctive relief that prohibits violations complained of herein, which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public

facilities, as well as attorney's fees, costs, and other expenses for these violations.

## SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

Against all Defendants

37. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

38. As described above, Defendants intentionally discriminated against Plaintiff during her visit to the Property and/or the Business.

39. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

40. Defendants' acts and omissions as specified are in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied to Plaintiff her rights to "full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever."

41. Plaintiff was harmed.

42. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

43. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

44. Plaintiff also seeks to enjoin Defendants from violating disabled persons' rights.

45. Although the plaintiff encountered frustration and difficulty by facing discriminatory barriers, even manifesting itself with minor and fleeting physical symptoms, the plaintiff does not value this modest physical personal injury greater than the amount of the statutory damages.

## PRAYER

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendant to cease their discrimination of disabled persons

and remove all accessibility barriers that relate to Plaintiff's disability;

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, 54 and/or Code of Civil Procedure section 1021.5, expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: July 11, 2022

Law Office of Rick Morin, PC

*/s/ Rick M*

_____
Richard Morin
Bryce Fick
Attorneys for Plaintiff